

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ADR/AS
F. #2024R00396

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 17, 2024

By Email and ECF

Samuel Jacobson, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

    Re: United States v. Halima Salman
       Criminal Docket No. 24-206 (NCM)

Dear Counsel:

  Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which is being produced subject to the Stipulation and Protective Order agreed to by the parties and ordered by the Court on June 3, 2024. The government also requests reciprocal discovery from the defendant.

I.  The Government's Discovery

  A. Statements of the Defendant

- Report of a November 11, 2023 interview of the defendant and attachments, including a signed Advice of Rights form, bates-numbered HSALMAN_000001 – HSALMAN_000013.

- Report of a May 6, 2024 interview of the defendant and attachments, including a signed Advice of Rights form, bates-numbered HSALMAN_000014 – HSALMAN_000024.

  B. The Defendant's Criminal History

  At the present time, the government is not aware of any prior criminal history of the defendant in the United States.

C.  Documents and Tangible Objects

- The defendant's New York State birth certificate, bates-numbered HSALMAN_000025.

- U.S. Customs and Border Protection Records for the Salman Family, including the defendant, bates-numbered HSALMAN_000026 – HSALMAN_000038.

- Materials provided by:

  - Google, LLC., bates-numbered HSALMAN_000039 – HSALMAN_000044.

  - Meta Platforms, Inc., bates-numbered HSALMAN_000045 – HSALMAN_000063.

  - Pinterest Inc., bates-numbered HSALMAN_000064 – HSALMAN_000066.

  - Snap, Inc., bates-numbered HSALMAN_000067 – HSALMAN_000069.

  - WhatsApp LLC, bates-numbered HSALMAN_000070 – HSALMAN_000072.

- A forensic extraction from a Samsung Galaxy mobile telephone assessed to belong to the defendant's husband, which will be produced on a separate drive and bates-numbered HSALMAN_000073. This material is designated SENSITIVE DISCOVERY MATERIAL under the June 3, 2024 Stipulation and Protective Order.

You may examine physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.  Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

E.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling experts at trial to testify about: (i) ISIS and its history, structure, strategic goals, geographic location, methods of recruitment, smuggling routes, and its female battalion the Nusaybah Katiba, among other things; (ii) jihadist

2

propaganda and terminology; (iii) the contents of electronic devices and storage media obtained in connection with the investigation; and (iv) translations of content from Arabic to English.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available. The government reserves the right to call additional and/or substitute expert witnesses.

 F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

 G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III. Emails Sent and Received by the Defendant Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during her period of incarceration at a

BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals. To enable this process, the government requests that you send an email by June 30, 2024 to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:    /s/ Amanda Shami
       Andrew D. Reich
       Amanda Shami
       Assistant U.S. Attorneys
       (718) 254-7000

Enclosures

cc:    Clerk of the Court (NCM) (by ECF) (without enclosures)