UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA

-against-                                                              **DECLARATION**
                                                                       24-CR-206 (NCM)

HALIMA SALMAN,
Defendant
-----------------------------------X

I, Samuel I. Jacobson, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am an attorney employed by the Federal Defenders of New York, Inc., and am an attorney of record appointed to represent Ms. Halima Salman.

2. This affidavit is submitted pursuant to the Court's June 26, 2025 order, directing the defense to file an affidavit in compliance with E.D.N.Y. Local Criminal Rule 16.1 by June 27.

3. On April 14, Ms. Salman filed a letter requesting discovery. *See* ECF No. 69. Ms. Salman requested, among other relevant and discoverable materials, certain Nusaybah Katiba and ISIS documents; records concerning the National Media Exploitation Center; documents regarding interrogation conditions and the conditions at Camps Roj and al-Hol; and *Brady* material. *Id*.

4. The government failed to respond to Ms. Salman's April 14 discovery request and failed to produce any of the requested materials.

5. On April 16, Ms. Salman filed Rule 12 pretrial motions, several of which referenced the missing discovery and its relevance, and reiterating the April 14 requests. *See, e.g.*, Mot. to Exclude, ECF No. 75 at 2 n.1, 13. (renewing April 14 Nusaybah Katiba-related discovery requests); Mot. to Suppress NMEC Evid., ECF No. 76 at 3 (noting April 14 NMEC-related discovery requests); Mot. to Suppress Statements, ECF No. 77 at 1, 3, 4

1

(referencing relevance of Camp conditions-related discovery).

6. On May 27, the government filed an omnibus opposition to Ms. Salman's pretrial motions. *See* ECF No. 80. The government's brief opposed Ms. Salman's request for a bill of particulars, but failed to address Ms. Salman's other April 14 discovery requests.

7. On May 28 and June 6, the government produced a small subset of requested Nusayba Katiba-related documents. *See* ECF Nos. 81, 83. The government did not respond to Ms. Salman's other April 14 requests, or produce any other responsive materials.

8. On June 24, 2025, Ms. Salman filed a motion to compel discovery. *See* ECF No. 85. In her motion to compel, Ms. Salman further explained the importance of the requested materials to meaningfully reply to the government's opposition to her pretrial motions.

9. On June 26, the Court ordered Ms. Salman to file a Rule 16.1-compliant affidavit by June 27.

10. Upon receipt of the Court's June 26 order, defense counsel immediately reached out to the government by email in a good faith effort to confer regarding Ms. Salman's discovery requests without the intervention of the Court. Defense counsel asked the government for its position on whether the parties could reach agreement on any of the items in Ms. Salman's April 14 discovery request and June 24 motion to compel.

11. By emails of June 26 and June 27, government counsel stated that they were available to meet and confer during the week of June 30, which is after the Court-ordered affidavit deadline of June 27, and after Ms. Salman's July 1 pretrial motions reply deadline. Government counsel noted that they would comply with their discovery obligations; that some of the materials have already been provided; that some materials they do not know to exist; that some requests may require additional clarification; and that some materials are currently the subject of pending pretrial motion practice.

12. The government did not respond with its position on whether agreement could be reached on any of the issues raised by the motion to compel, or specify which if any issues—other than the request for a bill of particulars—will remain unresolved.

DATED: June 27, 2025
Brooklyn, NY

Respectfully Submitted,

Samuel I. Jacobson