UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

HALIMA SALMAN,

*Defendant.*

**MEMORANDUM & ORDER**
24-cr-00206 (NCM)

---

**NATASHA C. MERLE**, United States District Judge:

Defendant Halima Salman is charged in an indictment with receiving military-type training from a foreign terrorist organization. *See* Indictment, ECF No. 13. On August 20, 2025, the government moved for a protective order pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3 § 4 and Federal Rule of Criminal Procedure 16(d)(1). *See* Notice of Filing of the Government's Motion for a Protective Order, ECF No. 104. The government's motion was filed *ex parte* and under seal. Defendant opposed the *ex parte* nature of the government's submission and filed a motion for the government's CIPA 4 submission to be released to defense counsel that holds the appropriate security clearances. *See* Motion for Disclosure of Government's CIPA 4 Filings, ECF No. 71. The Court denied defendant's request to release the information to defense counsel in an Order dated October 27, 2025. *See* ECF No. 121. Defendant also filed an *ex parte* submission to the Court detailing defendant's theory of the case and potential defenses to the charges to assist the Court in evaluating the government's motion for a protective order. *See* Notice of *Ex Parte* CIPA Filing, ECF No. 105. Defendant made a further

presentation on this submission in an *ex parte* conference with the Court on October 16, 2025. *See* ECF Minute Entry dated October 16, 2025. Shortly thereafter, the Court held an *ex parte* conference with the government to further discuss its motion for a protective order and to review the majority of the subject materials. *See* ECF Minute Entry dated October 21, 2025.

Based on the Court's review, and for the reasons set forth below, the government's motion for a protective order is granted.

## LEGAL STANDARD

Pursuant to Section 4 of CIPA, "upon a sufficient showing," a court

> may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

CIPA, 18 U.S.C. app. 3 § 4.

In evaluating the government's request for a protective order pursuant to Section 4 of CIPA, the Court must proceed through the three-part test articulated in *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008).[1] First, the Court must decide whether the classified information the government possesses is discoverable. *Id.* If the information is discoverable, the Court proceeds to the second step and determines whether the state-secrets privilege applies to the discoverable information because "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of

---

[1] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Id.* (quoting *United States v. Reynolds*, 345 U.S. 1, 8, 10 (1953)).

If the information is discoverable but privileged, the Court proceeds to the third step to determine whether the information is "helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense." *Id.* To be "helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory information." *Id.* When considering whether information would be "helpful or material," courts may consider whether the information "goes to the innocence of the defendant *vel non*, impeaches any evidence of guilt, or makes more or less probable any fact at issue in establishing any defense to the charges." *United States v. Saipov*, No. S1 17-cr-00722, 2019 WL 5558214, at *6 (S.D.N.Y. Oct. 29, 2019). Additionally, information that would otherwise be helpful or material may not be subject to disclosure where the information at issue is cumulative of other information already provided to the defendant in the course of discovery. *See United States v. Abu-Jihaad*, 630 F.3d 102, 142 (2d Cir. 2010). If the classified material at issue contains material that is helpful or material to the defense, the government's state secrets privilege must "give way" to a "defendant's right to present a meaningful defense." *Abu-Jihaad*, 630 F.3d at 141.

## DISCUSSION

After reviewing the government's submission and the majority of the underlying classified material, and examining the case theory and potential defenses set forth by defendant, the Court finds that the majority of the material at issue is not discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady*, 373 U.S. 83 ,

3

*Giglio v. United States*, 405 U.S. 150 (1972), or statute. Thus, for the material that is not discoverable, the Court need not proceed to consideration of the second or third steps of the *Aref* test.

One piece of information, which is arguably discoverable, need not be disclosed under the second and third steps of the *Aref* steps. The Court finds that the government has properly invoked the state secrets privilege. The Court concludes that the government has demonstrated there is a real danger that production of this material will expose "matters which, in the interest of national security, should not be divulged." *Aref*, 533 F.3d at 80. Additionally, the government's submission includes declarations from each appropriate head of the department with control over the material asserting the privilege. *See Abu-Jihaad*, 630 F.3d at 140.

Finally, the material at issue is neither helpful nor material to the defense, nor is it exculpatory or impeaching. The information at issue neither counters the government's claims, nor does it bolster any defense laid out in the defendant's *ex parte* filing or discussed with the defense in the *ex parte* conference. Accordingly, the Court finds that the classified materials are not helpful or material to the defense, and thus disclosure of the material is not essential to a fair determination of this case. Thus, the materials at issue need not be disclosed.

## CONCLUSION

For the reasons stated above, pursuant to Section 4 of CIPA, the Court grants the government's motion for a protective order in its entirety.

**SO ORDERED.**

        /s/ Natasha C. Merle
        NATASHA C. MERLE
        United States District Judge

Dated:    November 17, 2025
            Brooklyn, New York