**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:AS/AA
F. #2024R00396

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 30, 2026

By ECF

The Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Halima Salman
Criminal Docket No. 24-206 (NCM)

Dear Judge Merle:

The government respectfully submits this letter in opposition to the defendant's request that the Court disclose the names of all jurors prior to jury selection. The defendant contends that pre-selection disclosure of names "would align with common practice in this District and Circuit, aid in the jury-selection process, safeguard Ms. Salman's fair trial rights, and avoid unnecessary delays." Def. Ltr. at 1, ECF No. 231. The letter misstates the relevant law. It also overlooks that—in virtually every case in this District—a list of jurors is only provided the morning of jury selection. There is no reason to depart from that practice here, particularly where the defense will have detailed questionnaires eleven days before jury selection, giving them ample opportunity to impanel an impartial jury. For these reasons and the reasons stated below, the Court should deny the motion.

*First*, the defendant's letter misstates the law. The defendant quotes *United States v. Barnes*, 604 F.2d 121 (2d Cir. 1979), arguing that "there must be sufficient information elicited on voir dire to permit a defendant to intelligently exercise not only his challenges for cause, but also his peremptory challenges." Def. Ltr. at 1 (citing *Barnes*, 604 F.2d at 139). But *Barnes* held the opposite of what the defendant seeks, affirming a jury selection where names were withheld from the defense entirely. *Id.* at 142-43 (no violation where both parties lacked juror names but had "had an arsenal of information about each person"). If withholding names from the defense altogether is an acceptable practice, then providing names the morning of jury selection, together with detailed sworn questionnaires eleven days earlier, plainly is too.

*Second*, none of the orders cited by the defendant speak to the timing of disclosure of juror names and do not establish a "common practice." Def. Ltr. at 2. To the contrary, the *Maxwell* order said only that a list of juror names "will be provided to counsel and

the Court for use throughout jury selection"—not before jury selection. ECF No. 232. So too in *United States v. Napout*, 963 F.3d 163, 177 n.15 (2d Cir. 2020); *United States v. Gigante*, 982 F. Supp. 140, 150 (E.D.N.Y. 1997); *United States v. Raniere*, 2019 WL 2775617, at *1 (E.D.N.Y. July 2, 2019).[1] These cases cited by the defendant indicated that juror names would be shared, but they say nothing about the timing of disclosure.

*Last*, the ethics opinions cited by the defendant address what lawyers may ethically do with information they already have. Def. Ltr. at 2. None say what a court must furnish, much less that courts should facilitate maximal juror research. *See* ABA Opinion 466 (noting juror research may be "limited by law or court order"). The letter's quotation from NYC Bar Formal Opinion 2012-2 is also incomplete. The defendant quotes the Committee's statement that attorneys should "learn about the jurors who will sit in judgment on a case." Def. Ltr. at 2. The very next sentence of the opinion reads: "However, social media services and websites can blur the line between independent, private research and interactive, interpersonal 'communication.'" The Committee went on to caution that "the same attempts to research the juror *might constitute a prohibited communication even if inadvertent or unintended.*" N.Y.C. Bar Comm. on Prof'l Ethics, Formal Op. 2012-2 (2012) (emphasis added).[2] A potential juror who learns that she is being investigated may be less candid at voir dire or may raise "the specter of … improper influence and/or intimidation," *id.*, which could undermine their candor and the selection process altogether.

In sum, the questionnaires and in-person voir dire provide more than ample opportunity to assess the jurors and empanel a fair jury. The defendant's request does not establish any basis to depart from the Jury Department's typical practice. For the foregoing reasons, the defendant's request should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Amanda Shami
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (by ECF)
Counsel of Record (by ECF)

---

[1] The defendant cites other cases but does not reference any particular order or docket number. Def. Ltr. at 2.

[2] https://www.nycbar.org/reports/formal-opinion-2012-2-jury-research-and-social-media/