Federal Defenders
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200 Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

October 12, 2026

By ECF and Email
The Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Halima Salman, 24-cr-206 (NCM)

Dear Judge Merle:

We write in response to the government's objection to Ms. Salman's proposed jury charge, *see* ECF Nos. 199, 216, which instructs the jury that it must unanimously agree on which if any of the three kinds of knowledge of ISIS's status as a foreign terrorist organization Ms. Salman possessed. The proposed instruction reads as follows:

> Although proof beyond a reasonable doubt that the defendant knew one of these three things suffices, every juror must agree, unanimously, on which of the three things the government has proved. In other words, if some but not all of you find beyond a reasonable doubt that the defendant knew that ISIS has been designated a foreign terrorist organization by the Secretary of State, and if some but not all of you find beyond a reasonable doubt that the defendant had knowledge that ISIS has engaged or engaged in terrorist acts of the type I have listed, and some but not all of you find beyond a reasonable doubt that the defendant had knowledge that ISIS had engaged or engages in terrorism as I have defined it, then the government has not established the defendant's knowledge, and you must find the defendant not guilty on this count. However, if you agree unanimously that Ms. Salman had one of these three categories of knowledge and acted voluntarily, the requirement that she acted knowingly has been established by the government.

ECF No. 199 at 14. The Court should give the instruction. Section 2339D requires proof that the defendant knew of the organization's connection to terrorism in one of three specific ways, defined by three separate statutes. Under the framework of divisible and indivisible statutes, these three categories of knowledge are alternative elements, not means, thus the jury must agree unanimously on which if any of them Ms. Salman possessed.

### A. The Instruction Turns on Whether the Three Categories of Knowledge in Section 2339D are Alternative Elements or Means

A statute is divisible if it "sets out one or more of the elements in the alternative" which "can be proven in discrete ways." *Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Laurent*, 33 F.4th 63, 85 (2d Cir. 2022). Elements are the "constituent parts" of a crime's legal definition which the "prosecution must prove to sustain a conviction." *Mathis v. United States*, 579 U.S. 500, 504 (2016). On the other hand, means are circumstances which have "no 'legal effect [or] consequence'" that "need neither be found by a jury nor admitted by a defendant." *Id*. (quoting Black's Law Dictionary). A jury in a federal criminal case cannot convict unless it unanimously finds that the government has proven each element, but it "need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element." *Richardson v. United States*, 526 U.S. 813, 817 (1999). The validity of the proposed instruction therefore turns on whether § 2339D is a divisible statute—in other words, whether the three categories of knowledge set froth in 18 U.S.C. § 2339D(a) constitute alternative elements or alternative means.

No court has explicitly decided whether § 2339D is a divisible statute. However, in a § 2339D case in the Southern District of New York, the jury was similarly instructed that they must agree unanimously "with respect to at least one of the three categories of knowledge." *See* Charge of the Hon. Edgardo Ramos, *United States v. El-Gammal*, 15 Cr. 588 (ER) (S.D.N.Y.), enclosed as Exhibit A, at 1961–85.

### B. The Three Categories of Knowledge in Section 2339D are Alternative Elements

To determine whether a statute is divisible, we must begin with its text. *See Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017). Section 2339D reads as follows:

> "Whoever knowingly receives military-type training from or on behalf of any organization designated at the time of the training by the Secretary of State under section 219(a)(1) of the Immigration and Nationality Act as a foreign terrorist organization shall be fined under this title or imprisoned for ten years, or both. To violate this subsection, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (c)(4)), that the organization has engaged or engages in terrorist activity (as defined in section 212 of the Immigration and Nationality Act), or that the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989)." 18 U.S.C. § 2339D(a).

The categories of knowledge in § 2339D are alternative means for several reasons.

First, a statute "may itself identify which things must be charged (and so are elements) and which need not be (and so are means)." *Mathis v. United States*, 579 U.S. 500, 518 (2016). The introductory clause of the second sentence identifies that the three following prongs of knowledge are alternative elements, one of which must be found "to violate this subsection."

Second, a statute can be found to contain alternative elements if it has a disjunctive formulation. *Mathis*, 579 U.S. at 505 ("The repeated use of the disjunctive ('or') suggests that [the statute] 'list[s] elements in the alternative, and thereby define[s] multiple crimes.'"); *United States v. Reed*, 163 F.4th 338, 374 (6th Cir. 2025); *see also Pannell v. United States*, 115 F.4th 154, 160 (2d Cir. 2024) ("A statute will be considered divisible when it 'lists multiple elements disjunctively' but not when it simply 'enumerates various factual means of committing a single element.'") (cleaned up). Here, the three categories of knowledge in Section 2339D are presented in a disjunctive list, such that at least one condition in the list must be satisfied.

Third, if a list offers illustrative examples rather than an exhaustive list, those examples are means. *Mathis v. United States*, 579 U.S. 500, 518 (2016). The second sentence of §2339D does not use prefatory terms like "includes" or "such as" to indicate that the listed alternatives are "illustrative examples"—instead, the sentence provides an exhaustive list of three alternative kinds of knowledge.

If a statute references a broad category as an element of a crime, examples of what could fit into that broad category are not alternative elements. The Supreme Court has found that broad terms are an indicator of a statute being indivisible. *See, e.g.*, *Descamps v. United States*, 570 U.S. 254, 273 (2013) ("None of that is true of an overbroad, indivisible statute . . . as long as the statute itself requires only an indeterminate 'weapon,' . . . the jurors need not all agree on whether the defendant used a gun or a knife or a tire iron . . . because the actual statute requires the jury to find only a 'weapon.'"). The Second Circuit similarly held that a drug possession statute was indivisible because "it simply references 'a controlled dangerous substance or controlled substance analog' without further specification." *Smith v. Garland*, No. 21-6278-AG, 2023 WL 7147426, at *2 (2d Cir. Oct. 31, 2023) (summary order).

In *United States v. Martinez*, the Second Circuit referenced a child endangerment statute to elucidate the distinction between divisible and indivisible statutes. 991 F.3d 347, 353–54 (2d Cir. 2021). New York's child endangerment statute is broadly worded: it is committed when a person "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old." N.Y. Penal L. § 260.10(1). Thus, a person could violate this statute by many means, such as beating a child or driving while intoxicated with a child in the car. However, the court explained that if New York had defined child

endangerment differently, as "(1) committing aggravated battery against a child less than seventeen years old *or* (2) otherwise knowingly acting in a manner likely to be injurious to such a child," the statute would be divisible, because it "sets out one or more of its elements in the alternative." *Martinez,* 991 F.3d at 354. Section 2339D is drafted like the latter divisible example. Congress did not just write "knowledge"—it carved out three specific categories of knowledge, one of which the defendant must possess in order to "violate this subsection." 18 U.S.C. § 2339D.

Fourth, each alternative category of knowledge in § 2339D is defined by reference to a separate statute: designation as a terrorist organization is internally defined in subsection (c)(4), which references 8 U.S.C. § 1189; "terrorist activity" is defined in 8 U.S.C. § 1182(a)(3)(B); and "terrorism" is defined in 22 U.S.C. § 2656f(d)(2). These are "alternative 'statutory definitions'" under *Descamps*, not a list of underlying "brute facts." *Descamps*, 570 U.S. at 274. Each definition has a different legal context. Designation is a formal act of the Secretary of State. "Terrorist activity" is a long list of enumerated acts under the INA. And "terrorism" means premeditated politically motivated violence against noncombatant targets.[1] Because each prong can be satisfied by proof the others do not require, the "minimum elements of conviction can be proven in discrete ways." *United States v. Laurent*, 33 F.4th 63, 85 (2d Cir. 2022).

Finally, the three prongs of knowledge are alternative elements because they reflect different states of mind. Someone who knows that ISIS is a designated foreign terrorist organization (FTO) by the United States government may not know that they engage in terrorism—they may know of the designation without knowing the statutory basis of it. Conversely, someone may know that an organization engages in terrorist activity without knowing whether the United States has designated it. Thus, each prong of knowledge in § 2339D requires proof of distinct facts about the defendant's state of mind. A jury split among those theories has not agreed on what the defendant knew and thus has not unanimously found that the Government has proven the *mens rea* element. *See Richardson*, 526 U.S. at 817.

---

[1] Proof regarding each of the three alternatives is non-overlapping. For example, proof that ISIS is a designated FTO requires merely requires designation, 8 U.S.C. § 1189(a)(1); proof that ISIS engaged in terrorist activity could be illegal use of a firearm or explosive with intent to endanger persons, 8 U.S.C. § 1182(a)(3)(B)(iii); and proof that ISIS engaged in terrorism requires political motivation but wouldn't necessarily require use of a firearm or explosive, just violence. Jurors could similarly disagree about the factual proof of *knowledge* of one of the alternatives, implicating the concern regarding unanimity.

### C. The Government's Arguments Do Not Withstand Scrutiny

The government asserts that § 2339D has a "unitary element of knowledge," while citing no case that holds so. The reference to legislative history from *Holder v. Humanitarian Law Project* does not support its assertion. The full sentence reads: "Congress plainly spoke to the necessary mental state for a violation of § 2339B, and it chose knowledge about the organization's connection to terrorism, not specific intent to further the organization's terrorist activity." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 16–17 (2010). The Court was simply clarifying the *mens rea* of § 2339B—it was not considering whether the three categories of knowledge given in § 2339B (the same categories as those in § 2339D) consist of alternative means of fulfilling one element or three alternative elements.[2] The phrase "knowledge about the organization's connection to terrorism" is a summary of the statute's *mens rea* element, not a construction of it.

Second, the fact that § 2339D has a uniform penalty does not necessarily mean that the three categories of knowledge are alternative means. In *Mathis*, the Supreme Court held that different punishments are *sufficient* to show the alternatives are elements—it did not hold that different punishments are *necessary* to show this. *Mathis v. United States*, 579 U.S. 500, 518 (2016). Although the Second Circuit hasn't addressed this question, other circuits have clarified the point: "[w]hile alternatives carrying different punishments must be elements, it does not follow that alternatives carrying the same punishment are means." *United States v. Harrison*, 56 F.4th 1325, 1333 (11th Cir. 2023). The Sixth Circuit also found a statute divisible despite uniform punishment. *See United States v. Reed*, 163 F.4th 338, 374 (6th Cir. 2025).

Third, the government argues the categories of knowledge are "overlapping and interdependent because FTO designation under 8 U.S.C. § 1189(a)(1)(B) is predicated on a finding that the organization engages in terrorist activity or terrorism." However, designation is a fact about the Secretary of State's findings about an organization, not the defendant's knowledge. As stated above, knowledge of the designation does not entail knowledge of the underlying conduct, and knowledge of the conduct does not entail knowledge of the designation—thus, they describe discrete states of mind in the defendant.

### D. A General Unanimity Charge is Insufficient

Although a general unanimity charge is "ordinarily sufficient," this presupposes that the alternatives given in a statute are means. *United States v. Estevez*, 961 F.3d 519, 527 (2d Cir.

[2] This question was not presented in *Humanitarian Law Project* and should not be considered to have been precedentially decided. *See, e.g.*, *Cooper Indus., Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 170 (2004).

2020). There is an exception to the sufficiency of a general unanimity charge if "the complexity of the evidence or other factors create a genuine danger of jury confusion." *United States v. Schiff*, 801 F.2d 108, 114–15 (2d Cir. 1986). The indictment charges Ms. Salman with possessing all three categories of knowledge under § 2339D conjunctively: "knowing that ISIS was a designated foreign terrorist organization and that ISIS had engaged in and was engaging in terrorist activity and terrorism." Indictment, ECF No. 13 at 1. The government presumably intends to offer evidence of all three, which creates the precise risk the Supreme Court identified in *Richardson*—that "wide disagreement among the jurors about just what the defendant did, or did not, do" will be covered up. *Richardson v. United States*, 526 U.S. 813, 819 (1999). A general charge would not properly explain to jurors that they must unanimously agree on which one of the alternative elements the government proved and would therefore create a genuine danger of jury confusion.

For all the reasons stated above, 18 U.S.C. § 2339D requires the government to prove that the defendant possessed one of three specific, separately defined categories of knowledge about ISIS's connection to terrorism. These categories are alternative elements, not means, thus the jury must agree unanimously on which of them Ms. Salman possessed. The defense accordingly requests that the Court give the proposed jury instruction, which is similar to the instruction given by Judge Ramos in *El-Gammal*. 15 Cr. 588 (ER) (S.D.N.Y.).

Respectfully submitted,

/s/

Mia Eisner-Grynberg
Samuel Jacobson
Marissa Sherman
*Counsel to Halima Salman*

cc: All counsel of record (by ECF)