**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:AS/AA
F. #2024R00396

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 19, 2026

By ECF

The Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Halima Salman
Criminal Docket No. 24-206 (NCM)

Dear Judge Merle:

The government respectfully submits the following requests related to the Court's proposed jury charge.

I. Missing Witness Instruction

The Court has proposed a missing witness instruction that permits jurors to draw an adverse inference against the government. Because the predicates for such an instruction are not present, it is inappropriate here. "An instruction permitting the jury to infer that an uncalled witness would have given testimony unfavorable to the party that failed to produce him should only be given when the witness was particularly available to that party and had material testimony to give." Sand, Modern Federal Jury Instructions ¶ 6.04.

Here, the defendant has not identified – and the government is not aware of – any potential trial witness who is within the exclusive control of the government and is unavailable to the defendant. To the contrary, the available percipient witnesses to the events in Syria are the defendant's family members, who are not testifying and could therefore give rise to a missing witness instruction against the defendant. *United States v. Myerson*, 18 F.3d 153, 158 (2d Cir. 1994) ("the 'availability' of a witness depends on all the facts and circumstances bearing upon the witness's relation to the parties, rather than merely on physical presence or accessibility.") (cleaned up); *United States v. Torres*, 845 F.2d 1165, 1170 (2d Cir. 1988) (listing defendant's employee as within the defendant's control as an example); Sand Modern Federal Jury Instructions ¶ 6.04 ("instruction is appropriate when the uncalled witness has a relationship with the opposing party that would in a pragmatic sense make his testimony unavailable to the opposing party regardless of physical availability because of strong likelihood of bias"). To the

extent the defendant highlights Abu Ali, the government understands that he is incarcerated overseas, and is therefore not "peculiarly within the control of" the government, as would be required to warrant such an instruction. *United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997). Nor could he be characterized as within the government's control given his "relationship to the parties," since he was the defendant's former ISIS husband.

Moreover, the proposed instruction as written invites jurors to draw an adverse inference based on facts and law they do not and should not have. The proposed instruction permits an adverse inference if jurors "find that this witness could have been called by the government and would have given important testimony[.]" This invites the jurors to speculate about what certain witnesses would say and whether they would give "important testimony." It also invites them to determine whether a witness could have been called by the government without knowing any of the relevant legal or practical constraints.

Thus, consistent with established law, because the defendant has not established that there is an anticipated witness whose testimony would be material and who is within the exclusive control of the government, her request for a missing witness charge should be denied.

II. <u>Duress Instruction</u>

The defendant has raised at the trial significant evidence about how others influenced or controlled her actions, including that her family brought her to Syria and that she was unable to take certain actions to exit ISIS territory due to fear. Because a jury may misunderstand the import of that evidence, or believe that she is not legally responsible for her actions in such a case, the government requests an instruction that there is no duress defense.

Courts have repeatedly instructed jurors about the absence of a defense under such circumstances. *See, e.g.*, *United States v. Rivera*, 273 F. App'x 55, 58 (2d Cir. 2008) (summary order) (where defendant "never raised affirmative defense of self-defense and did not argue that he acted in self-defense," district court did not err when it "instructed the jury that self-defense was not at issue in this case"); *United States v. Madoch*, 149 F.3d 596, 599 (7th Cir. 1998) (rejecting defendant's assertion that, where coercion and duress defenses were unavailable, district court should "have refrained from any comment at all on the coercion and duress issues, rather than go out of its way to tell the jury that those matters were not on the table"); *United States v. Pitterson*, No. 19-CR-468 (JSR), Tr. 591 (S.D.N.Y. Nov. 15, 2019) ("The defendant has testified that some of his actions in this case were made in response to threats … The Government disputes the veracity of this testimony; but even if you find it truthful, it does not itself constitute a defense to any of the charges in this case. This is because, under the law, the defenses of 'duress' is only available in more extreme and immediate circumstances than were present here[.]"); *cf. United States v. McDarrah*, No. 05 Cr. 1182 (PAC) (S.D.N.Y. Dec. 19, 2006) (jury charge) ("There has been some mention in this trial about entrapment. Entrapment is a complicated legal doctrine, but it has nothing at all to do with this case. I am instructing you as a matter of law that entrapment is not a defense in this case and you are not permitted to consider it during your deliberations."); *United States v. Groth*, 1993 WL 388661, at *2 (N.D. Ill. 1993) (concluding that where "neither entrapment nor coercion was available, . . . the jury was properly instructed that these were not to be issues in their deliberations").

III. Instruction Regarding the Defendant's Views

The government requests that the Court add the following italicized language to its unconscious bias section. "Ms. Salman is not on trial for her beliefs, political or religious, and if you find that she or her associates harbored extremist views, you cannot allow that to act as a substitute for proof beyond a reasonable doubt of the elements of any of the charges. *However, you may appropriately consider the defendant's beliefs to the extent they relate to her knowledge of ISIS and to the extent they provide a motive for the crime.* Your verdict should be based solely upon the evidence or lack of evidence as to Ms. Salman alone." Such an addition will make clear that the defendant's extremist views can, if believed, be evidence of motive or knowledge, while reaffirming that jurors should not convict her solely for holding those views.

IV. Witness Interview Instruction

The government requests that the Court use the standard District instruction relating to witness interviews instead of the currently drafted instruction. The defense has put the propriety of witness meetings at issue in its cross examination. Trial Tr. 288-289. Accordingly, the government requests the below instruction:

> During the course of trial, you've heard testimony that the attorneys for the government interviewed witnesses when preparing for trial. You must not draw any unfavorable inference from that fact. Attorneys have an obligation to prepare their case as thoroughly as possible, and in so doing, to interview witnesses.

*United States v. Miller*, No. 20-CR-331 (LDH), ECF No. 204 at 34 (E.D.N.Y. May 31, 2024); *accord United States v. Crumble*, No. 18-CR-32 (ARR), ECF No. 99 at 10 (E.D.N.Y. May 10, 2018), (same); *see also United States v. Aguilar*, No. 20-CR-390 (ENV), ECF No. 314 at 43 (E.D.N.Y. Jan. 4, 2024) ("During the course of trial, you heard testimony that attorneys interviewed witnesses when preparing for and during the trial. You must not draw any unfavorable inference from that fact. On the contrary, attorneys are obliged to prepare their case as thoroughly as possible, and in the discharge of that responsibility, properly interview witnesses in preparation for the trial and from time to time as may be required during the course of trial."); *United States v. Elias*, No. 18-CR-33 (S-2) (NGG), ECF No. 623 at 20 (E.D.N.Y. Mar. 24, 2022) ("There was testimony at trial that the attorneys for the Government and the defense interviewed witnesses when preparing for and during the course of the trial. The attorneys for both sides were obliged to prepare this case as thoroughly as possible, and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began, and again as necessary throughout the course of the trial."); *United States v. Brack*, No. 18-CR-684 (ENV), ECF No. 168 at 38 (E.D.N.Y. Mar. 9, 2020) ("During the course of trial, you heard testimony that attorneys interviewed witnesses when preparing for and during the trial. you must not draw any unfavorable inference from that fact. On the contrary, attorneys are obliged to prepare their case as thoroughly as possible, and in the discharge of that responsibility, properly interview witnesses in preparation for the trial and from time to time as may be required during the course of trial.").

The government respects the Court's order about meeting with witnesses on direct examination and has strictly complied with that instruction since it was given. However, the Court's instruction as drafted invites the jury to draw a negative inference based on the government's meeting with its expert witness, which at that time was not prohibited by the Court and which "no rule or ethical principle" barred. *United States v. Bautista*, 23 F.3d 726, 731 (2d Cir. 1994) (quoting *United States v. De Jongh*, 937 F.2d 1, 3 (1st Cir. 1991)). Moreover, cross-examination did not reveal any improper coaching or revision of prior testimony. For those reasons, the Court should give the standard jury instruction on witness meetings.

The government thanks the Court for its consideration of this request.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Amanda Shami
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (by ECF)
Counsel of Record (by ECF)