**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

n
AS/AA
F. #2024R00396

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 27, 2026

By ECF

The Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Halima Salman
Criminal Docket No. 24-206 (NCM)

Dear Judge Merle:

Should the Court determine that a modified Allen charge is appropriate, the government proposes the following language. This language is adapted from *United States v. Lillemoe et al.*, No. 15-CR-25 (JCH) (D. Conn.), which was quoted and approved by the Second Circuit in *United States v. Calderon*, 944 F.3d 72, 92-94 (2d Cir. 2019):

> I instruct you that it is desirable for you to keep deliberating and to reach a verdict if you can do so. However, under no circumstances should any juror abandon his or her judgment. It is understandable and quite common for jurors to disagree. However, the law expects that you make every effort to deliberate and to see if it is possible to reach agreement. What I ask is that each of you deliberate with an open mind and that each of you examine your own opinions about the case with candor.
>
> Sometimes further consideration and discussion may indicate that a change in one's view is justified based upon the law and all the evidence. If you should fail to agree on a verdict, the case is left open and undecided. There does not appear to be any reason to believe that the case can be tried again better or more exhaustively than it has been on either side. So there appears to be no reason to believe if the case were to be submitted to another jury, that jury would be more intelligent, more impartial or more competent to decide it than you are.
>
> However, I stress to you, that your verdict must reflect the judgment of each juror. Under no circumstances should any jury yield his or her

> judgment. Do not change your mind because the other jurors see things differently or just to get the case over with. You should only change your mind if you conscientiously believe that the new position is the correct one. In the end, your vote must be exactly that, your vote. As important as it is for you to reach unanimous agreement, if possible, it is just as important that you do so honestly and in good conscience.
>
> If you ultimately cannot agree, it is your right to fail to agree. What I have just said is not meant to pressure you into agreeing on a verdict. As I have said before, you can take whatever time you think you need to discuss this case. The Court accepts the possibility that you may simply be unable to reach a verdict, but I do ask you to give the deliberations some more time. As always, you must follow all of the instructions that I have previously given you, and they must guide your deliberations in this case.

The relevant portions of the trial transcript in *Lillemoe*, as reproduced in the *Calderon* Joint Appendix, are enclosed herewith as Exhibit A.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Amanda Shami
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (by ECF)
Counsel of Record (by ECF)