# Exhibit A

Diahann, would you bring the jury out please?

(In the presence of the jury at 01:35 p.m.)

THE COURT: That's good timing. Everybody be seated please. Good afternoon, ladies and gentlemen. I brought you out because I received a note from the foreperson which reads as follows: We have concluded our deliberations. Have I read that correctly?

THE JURY FOREMAN: Yes.

THE COURT: I then sent a note in to you folks asking has the jury reached a verdict as to any defendant as to any, I said counts, but count also and I told you not to tell me any vote and the box yes was checked. So my understanding is you have what we would call a partial verdict. That's what we would call it in the law.

I want to advise you at this time about the options that you have with respect to such a partial verdict. You can either report the verdict or verdicts that you have reached or you may defer reporting on those verdicts until you conclude your deliberations.

I would advise you that any verdict you choose to report now before the completion of deliberations would not be subject to revision later.

In other words, if you reported out to me a partial verdict, then that's final as to those counts as to which there is a verdict. Now, I know you have written me a note



that says we have concluded our deliberations so you are perhaps wondering why I reference a partial verdict and then -- how did I put it? Defer reporting on all verdicts until the conclusion of the deliberations.

And that's because of something I'm going to instruct you on. It is desirable for you to keep deliberating and to reach a verdict if you can conscientiously do so.

However, under no circumstances should any juror abandon his or her conscientious judgment. It is understandable and quite common for jurors to disagree.

However, the law expects that you make every effort to deliberate and to see if it is possible to reach agreement. What I ask is that each of you deliberate with an open mind, each of you should examine your own opinions about the case with candor. Sometimes further consideration and discussion may indicate that a change in one's view is justified based upon the law and all the evidence.

If you should fail to agree on a charge, the case is left open and that charge is undecided. There does not appear to be any reason to believe that the case can be tried again better or more exhaustively than it has been on either side. So there appears to be no reason to believe if the charge were to be submitted to another jury, that jury would be more inteligent, more impartial or more competent to



decide it than you are.

However, I stress to you, that your verdict must reflect the conscientious judgment of each juror. Under no circumstances should any jury yield his or her conscientious judgment. Do not ever change your mind because the other jurors see things differently or just to get the case over with. You should only change your mind if you conscientiously believe that the new position is the correct one.

In the end, your vote must be exactly that, your vote. As important as it is for you to reach unanimous agreement, if possible, it is just as important that you do so honestly and in good conscience.

If you ultimately can't agree, it is your right to fail to agree. What I have just said is not meant to pressure you into agreeing on a verdict. It is absolutely not meant to do that.

As I have said before, you can take whatever time you think you need to discuss this case. The Court accepts the possibility that you may simply be unable to reach a verdict on any particular count, but I do ask you to give the deliberations some more time.

So with that, I ask you to return to the jury room and --

MR. McGARRY: I don't know you are going to mention



the entire charge.

THE COURT: First, I apologize. I did skip that. I had meant to advise you that you need to follow all the instructions that I have given you that they must guide your deliberations in this case. I think you know it. You have them in there. I apologize that should have come in the middle of what I said. I don't mean to overemphasize it. I do want to remind you that you need to follow the instructions in your deliberations, all of them, so what means is I invite you to return to the jury room to follow the instructions I have just given you, then we'll await hearing from you. All right. Thank you very much, ladies and gentlemen.

(In the absence of the jury at 01:41 p.m.)

THE COURT: My apologies. I looked at the line that's crossed out, just didn't see there was still a sentence left there. Other than Attorney McGarry who stood up, I didn't see anyone stand up. I know you have your objections. They are preserved. If there's any further objection or someone wants to put on the record, I need to hear it now. All right.

If I can impose on everybody for just a moment. There may not be a time later. If we get an answer back, we're not going to. I would like to address something that was docketed. You can be seated. I hope this won't take too