COURT'S
EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT.# CR24-0206
DATE: 10/22/26
PENGAD 800-631-6989

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>HALIMA SALMAN<br><br>*Defendant.* | **<u>JURY INSTRUCTIONS</u>**<br>24-cr-00206 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

Members of the jury, now that you have heard the evidence, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case so far. I ask that you continue to pay close attention as I give you these instructions.

A written copy of these instructions, along with a verdict sheet, will be provided to you for your jury deliberations, so you don't need to memorize these instructions or write them down in full, but you are of course free to take notes if you like. You may request any of the exhibits that were admitted into evidence during your deliberations. A laptop computer will be provided for your deliberations to use for video exhibits.

My instructions will be in three parts:

<u>First</u>, I will instruct you regarding the general rules concerning the duties of a jury in a criminal case;

<u>Second</u>, I will instruct you as to the legal elements of the crime charged in this case. That is, I will tell you what the government must prove beyond a reasonable doubt to

permit a guilty verdict as to the charge that Ms. Salman received military-type training from a foreign terrorist organization;

Third, I will give you some general rules regarding your deliberations.

# I. GENERAL INSTRUCTIONS

## A. THE FUNCTION OF THE JURY, THE COURT, AND COUNSEL

### 1. The Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You decide the weight of the evidence. You determine the credibility of the witnesses. You resolve any conflicts there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their objections, and what they will say in their closing arguments, is not evidence. I will note that arguments of counsel are not evidence; however, you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

You should also remember that a question asked of a witness is never evidence, it is only the answer that is evidence. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Nothing that I have previously said or will say about a fact is a substitute for your own independent recollection or evidence. Additionally, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

To determine what the facts are, you should take into consideration the story told by the witnesses, the manner in which they told it, the probability of the story being true, and the interest of the witness, if any, in the result of the case. It is for you to say how far, if at all, a witness is to be believed. The evidence presented will sometimes conflict. But it is the function of the jury, under proper instructions of the Court, to judge the credibility of witnesses, to appraise their testimony, to weigh contradictory testimony and conflicting circumstances, and to draw the ultimate conclusions as to the facts.

Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.

You are to perform the duty of finding the facts without bias or prejudice to any party. You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

2. <u>The Role of the Court</u>

It is my duty to instruct you on the law. You must accept my instructions and apply them to the facts as you determine them.

It would violate your sworn duty to base a verdict on any view of the law other than the one I will give to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

3. Jury to Disregard the Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.

From time to time the Court has been called upon to rule on the admissibility of evidence, although I have tried to do so, insofar as it was practicable, out of your hearing. Whether offered evidence is admissible is purely a question of law for the Court and outside the province of the jury. In admitting evidence to which an objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the Court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any discussion between Court and counsel held out of your hearing or sight.

4. Parties Are Equal Before the Court

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your duty with complete fairness and impartiality.

The fact that this prosecution is brought in the name of the United States does not entitle the United States to any greater consideration than the defendant, Halima Salman. By the same token, the United States is entitled to no less consideration. The parties—the United States government and Ms. Salman—are equal before this Court, and they are entitled to equal consideration. The question before you is not: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

**B. INDICTMENT**

Ms. Salman is charged in what is called an indictment, which is just a statement of charges or accusations against her. An indictment is not evidence. And nothing in it is evidence, including the case caption. It does not create any presumption or permit any inference that Ms. Salman is guilty.

**C. BURDEN OF PROOF**

1. <u>Presumption of Innocence & Burden of Proof</u>

Ms. Salman has pled not guilty to the sole count in the Indictment. Therefore, the burden is on the government to prove her guilt beyond a reasonable doubt. This burden never shifts to Ms. Salman because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. A defendant never has the burden of proving her innocence. Indeed, a defendant need not produce any evidence at all.

Ms. Salman began the trial here with a clean slate. The law presumes a defendant to be innocent of the charge against her. The presumption of innocence was with Ms. Salman when the trial began, remains with her even now as I speak to you, and will

continue with her into your deliberations unless and until you are unanimously convinced that the government has proven beyond a reasonable doubt that she is guilty of the one charge against her. I therefore instruct you that Ms. Salman is to be presumed innocent by you throughout your deliberations. The presumption of innocence alone is sufficient to acquit Ms. Salman, unless you as jurors are unanimously convinced beyond a reasonable doubt of her guilt of the charge after careful and impartial consideration of all of the evidence in this case. If the government fails to meet its burden of proof, you must find Ms. Salman not guilty.

2. Reasonable Doubt

So, what is reasonable doubt? It is the highest burden of proof imposed by our legal system.

The words almost define themselves. It is doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her life.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of her own affairs. The law does not require that the government prove guilt beyond *all* doubt; but it must be proof beyond a reasonable doubt to convict.

This burden never shifts to Ms. Salman. Even though Ms. Salman has presented evidence in her defense, it is not her burden to prove herself innocent. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence and lack of evidence, you are satisfied of Ms. Salman's guilt beyond a reasonable doubt, you should vote to convict. On the other hand, if after fair and impartial consideration of all the evidence and lack of evidence, you have a reasonable doubt, it is your duty to acquit Ms. Salman.

## D. EVIDENCE, INFERENCES, AND CREDIBILITY

### 1. What Is and Is Not Evidence

I will now instruct you as to what counts as evidence, and how you should consider it. Your verdict in this case must be based solely on the evidence or lack of evidence. The evidence you should consider in deciding what the facts are comes in several forms. The following are evidence:

- Sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called them.
- Exhibits that have been received into evidence by the Court. However, exhibits marked for identification but not admitted are not evidence, nor are materials presented only to refresh a witness's recollection.
- Facts as to which both parties have agreed to in a stipulation are evidence. A stipulation is an agreement among the parties that a certain fact is true. In this case, they have been read to you by the parties.

Certain things are not evidence and must therefore be disregarded by you in deciding what the facts are. The following are not evidence:

- The contents of the Indictment, or case caption, are not evidence.
- Arguments or statements by lawyers are not evidence, because the lawyers are not witnesses. However, you may give consideration to their arguments in making up your mind on what inferences to draw from the facts which are in evidence. What

they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

- Questions asked to the witnesses are not evidence. If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as something that the witness has agreed on; but the weight that you give that fact is up to you.
- Objections to questions or to offered exhibits are not evidence. Attorneys have a duty to their clients to object when they believe evidence should not be admitted at trial. You should not be influenced by attorneys' objections or by the Court's ruling on them. If the objection was sustained, ignore the question. If the question was answered before the objection was sustained, you should ignore the question and answer. However, if the objection was overruled, you may consider the answer and treat it like any other answer.
- Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence.
- Obviously, anything you may have seen or heard outside the courtroom is not evidence.
- Nothing that I have said or done is evidence. Your decision must be based on your own assessment of the evidence, not any speculation about what the judge or anyone else in the courtroom might think about the evidence.

2. Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict—direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses—something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom windows, if we had them, were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience, and common sense, the existence or non-existence of some other fact.

3. <u>Inferences Drawn from Evidence</u>

During the trial you have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts. The government asks you to draw one set of inferences, while the defense asks you to draw another from the same evidence. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted—but not required—to draw from the facts that have been established by either direct or circumstantial evidence.

4. <u>Credibility of Witnesses</u>

In deciding what the facts are in this case, you will need to decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness' testimony. In making that decision, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;
- the witness's ability to recall and describe those things;
- the witness's manner in testifying—for example, was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;
- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;
- the reasonableness of the witness's testimony in light of all of the other evidence in the case;
- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and
- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe. In making this determination, you may consider whether the

witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation fit your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Keep in mind that a simple mistake does not mean a witness is not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or an unimportant detail.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

5. Available Evidence

Although the government bears the burden of proof, the law does not require the government to call as witnesses specific persons who appear to have some knowledge of the matters at issue at this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. You should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You may consider the absence of evidence in determining whether the government has met its burden of proof beyond a reasonable doubt. Ms. Salman, of course, has no burden to offer any evidence. Additionally, there is no legal requirement that the government use any specific investigative technique or pursue every investigative lead to prove its case. However, it is perfectly permissible for the defense to attack the reliability of the government's investigation in arguing that the government has not met its burden to prove the defendant guilty beyond a reasonable doubt. Your role is to determine whether it has met that burden based on the evidence or lack of evidence.

6. Translations

During trial, translations of foreign language documents have been admitted into evidence. Even if you may speak the foreign language that is being translated, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the document, and you should not consider your own understanding of the foreign language in evaluating the accuracy of the translations.

7. Stipulations

In this case you have heard evidence in the form of stipulations. A stipulation is an agreement between the parties that certain facts are true. You must accept the facts stipulated as true. However, it is for you to determine the weight to be given to that information.

8. Dates Approximate

In charging Ms. Salman with the crime, the Indictment at times uses "in or about" and "between" certain dates. The government does not need to establish with certainty the exact date of an alleged offense. The law requires only that the evidence establish beyond

a reasonable doubt that the dates alleged in the Indictment and the dates established by the testimony or exhibits are substantially similar.

9. Redactions

Some of the documents entered into evidence have been redacted, meaning that parts were deleted. In some instances, I have explicitly instructed the parties to make these redactions. The redactions were required for legal reasons which are not relevant to your determination of the issues in this case. I instruct you that you should not speculate about the material that was redacted or the reasons for the redaction.

10. Preparation of Witnesses

The attorneys for both sides were obliged to prepare this case as thoroughly as possible, including through interviewing and preparing witnesses. There is nothing unusual or improper about a witness meeting with lawyers or agents before testifying. The weight you give to whether or how a witness prepared for his or her testimony, and what inferences you draw from it, is completely within your discretion.

11. Law Enforcement and Government Witnesses

You have heard the testimony of people who work in law enforcement. The testimony of a person who works or has worked in law enforcement should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either more or less weight to the testimony of a witness merely because he or she works or has worked in law enforcement. You should recall his or her demeanor on the stand, his or her manner of testifying, and the substance of his or her testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

12. Expert Witness Testimony

During this trial, you have heard testimony from expert witnesses. An expert may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching your independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, and demeanor, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

13. Other Persons Not on Trial

During this trial, you have heard evidence about the involvement of other persons in the events related to this case. You may not draw any inference, favorable or unfavorable, toward the government or Ms. Salman from the fact that a certain person or people are not on trial before you. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. The only issue in this case is whether or not the government has proven the charge against Ms. Salman beyond a reasonable doubt.

14. Defendant's Decision to Testify

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and Ms. Salman is presumed innocent. In this case, Ms. Salman did testify and she was subject to cross-examination, like any other witness. The fact that she testified does not in any way remove or lessen the burden on the government to prove the charge beyond a reasonable doubt. Ms. Salman did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate her testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve her testimony simply because she is charged as a defendant in this case.

15. Defendant's Statements

There has been evidence that the defendant made certain statements in which the government claims she admitted certain facts. In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

16. Punishment

The question of what sentence Ms. Salman might face if she is convicted is not for you to consider or decide, and should not influence your deliberations. The duty of deciding and imposing a sentence if a person is convicted at trial rests exclusively upon the Court. Your role is to weigh the evidence and to determine whether or not the government has proven that Ms. Salman is guilty beyond a reasonable doubt.

17. Sympathy, Bias, or Prejudice

In deciding whether the government has met its burden of proof beyond a reasonable doubt, it would be improper for you to consider any personal feelings you may have about the race, national origin, religion, gender, or age of Ms. Salman or any of the witnesses. You must carry out your duties without discrimination, meaning that you must not be influenced by any personal likes or dislikes, opinions, prejudices, or biases, including unconscious biases.

Unconscious biases are stereotypes or attitudes that people may consciously reject but may be expressed without conscious awareness, control, or intention. Unconscious biases can affect how we evaluate information and make decisions. All of us, no matter how hard we try, tend to look at other people and consider what they say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. You must do the best you can to put aside such stereotypes.

The government has suggested that the defendant held views, or associated with others who believed in ideas espoused by a terrorist group, or supportive of a terrorist group. You must not conclude that the defendant is guilty simply because she may have held certain views or associated with certain people. Nor may you conclude that the defendant is guilty because you disagree with her views, or the views of her family members, even if you find those views to be unusual, unorthodox, offensive, or even extreme. Ms. Salman is not on trial for her beliefs, political or religious, and if you find that she or her associates harbored extremist views, you cannot allow that to act as a substitute for proof beyond a reasonable doubt of the elements of the charge. Your verdict should be based solely upon the evidence or lack of evidence as to Ms. Salman alone.

Under your oath as jurors, you are also not to be swayed by any sympathy you may feel for one side or the other. Nor should your verdict be swayed by sympathy for Ms. Salman, nor for any witness who may have testified in this case. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of Ms. Salman of the crime with which she is charged beyond a reasonable doubt?

It is for you alone to decide whether the government has met this burden as to each element of the crime charged, solely based on the evidence before you and subject to the law as I charge you. If you let fear, prejudice, bias, or sympathy interfere with your thinking, you will not arrive at a true and just verdict.

## II. SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you as to the legal elements of the charged crime on which you will be asked to render a verdict. You should remember that the government bears the burden to establish each and every element of the charged offense beyond a reasonable doubt.

### A. SUMMARY OF THE INDICTMENT

In order to place my instructions in context, I will start by giving you a summary of the crime charged as alleged in the Indictment. The defendant is formally charged in an indictment. As I instructed you at the outset of this case, an indictment is a charge or accusation. An indictment is merely a statement of charges and is not evidence. The Indictment in this case contains one count on which you will be called to render a verdict.

Count One charges Ms. Salman with receipt of military-type training from a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339D.

I will now explain to you the law that applies to this count.

## B. ACTING KNOWINGLY AND INTENTIONALLY

The count requires a finding as to the state of mind of Ms. Salman in order to convict her. As a general rule, the law holds people accountable only for conduct in which they intentionally engaged. During these instructions, you will hear me use the terms "knowingly" and "intentionally." I will now define these terms for you.

### 1. <u>Knowingly</u>

A person acts "knowingly" if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

### 2. <u>Intentionally</u>

A person acts "intentionally" if he or she acts deliberately and purposefully. That is, the acts must have been the product of his or her conscious objective, rather than the product of a mistake or accident.

Whether a person acted knowingly and intentionally is a question of fact for you to determine, like any other fact question. Direct proof of a defendant's state of mind is almost never available. In deciding whether the government has proven that Ms. Salman acted with a particular state of mind, you may consider circumstantial evidence, such as her words, her conduct, her acts and all the surrounding circumstances that were shown by the evidence, and the rational or logical inferences that you draw from the evidence.

Each of the elements of the crime charged—including whether Ms. Salman acted knowingly and intentionally—must be established by the government beyond a reasonable doubt.

### C. COUNT ONE: RECEIPT OF MILITARY-TYPE TRAINING FROM A FOREIGN TERRORIST ORGANIZATION

I will now instruct you on the sole count in the Indictment, which alleges that Ms. Salman received military-type training from a foreign terrorist organization in violation of Title 18, United States Code, Section 2339D.

The Indictment reads as follows:

> In or about and between July 2017 and February 2019, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant HALIMA SALMAN did knowingly receive military-type training, as defined in Title 18, United States Code, Section 2339D(c)(l), from and on behalf of a foreign terrorist organization, . . . the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the INA, knowing that ISIS was a designated foreign terrorist organization and that ISIS had engaged in and was engaging in terrorist activity and terrorism, and the defendant was a national of the United States (as defined in Section 101(a)(22) of the INA), the offense occurred in and affected interstate and foreign commerce and, after the conduct required for this offense occurred, the defendant was brought into and found in the United States.

To prove the crime of receiving military-type training from a foreign terrorist organization, the government must prove the following elements beyond a reasonable doubt:

First, that Ms. Salman received military-type training from a designated foreign terrorist organization, that being ISIS;

Second, that Ms. Salman did so knowingly and intentionally;

Third, that Ms. Salman did so with knowledge that ISIS (a) was a designated foreign terrorist organization, (b) engaged in or engages in terrorist activity, or (c) engaged in or engages in terrorism; and

Fourth, there is federal jurisdiction over the offense.

I will now explain these elements in more detail.

1. First Element – Receipt of Military-Type Training

The first element that the government must prove beyond a reasonable doubt is that Ms. Salman received military-type training from a foreign terrorist organization, that being ISIS.

"Military-type training" means training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm, or other weapon.

"Serious bodily injury" means a bodily injury that involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

The term "critical infrastructure" means systems and assets vital to national defense, national security, economic security, public health, or safety, including both regional and national infrastructure. Critical infrastructure may be publicly or privately owned. Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services (including medical, police, fire, and rescue services), and transportation systems and services (including highways, mass transit, airlines, and airports).

2. Second Element – Knowingly and Intentionally

The second element that the government must prove beyond a reasonable doubt is that the defendant received this military-type training knowingly and intentionally.

I instructed you on the terms "knowingly" and "intentionally" already, and those same definitions apply here.

3. Third Element – Knowledge of ISIS's Designation, Terrorist Activities or Acts of Terrorism

The third element that the government must prove beyond a reasonable doubt is that the defendant received military-type training from ISIS with knowledge of one of the following three things: (1) that ISIS had been designated by the Secretary of State as a "foreign terrorist organization"; (2) that ISIS engaged in "terrorist activity"; or (3) that ISIS engaged in "terrorism." The government must prove only one of these three categories of knowledge beyond a reasonable doubt, and you must be unanimous as to which one, or more, of the three the government proved.

For these purposes, the term "terrorist activity" includes any of the following actions:

1. Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;
2. Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;
3. A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;
4. Assassination;
5. Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6. Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7. A threat, attempt, or conspiracy to do any of the foregoing.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents. You may consider the defendant's beliefs regarding terrorism to the extent they relate to her knowledge of ISIS.

4. Fourth Element – Federal Jurisdiction

The fourth element is that there was federal jurisdiction over the offense. For this element to be satisfied, the government must prove only one of the following five things:

1. The defendant was a national of the United States;

2. After the conduct required for the offense occurred, the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States;

3. The offense occurred in whole or in part within the United States;

4. The offense occurred in or affected interstate or foreign commerce; or

5. The defendant aided, abetted, or conspired with any person over whom jurisdiction exists, including any person who meets one of the previous four criteria or a national of the United States.

With respect to the first option, I instruct you as a matter of law that citizens of the United States are also considered "nationals" of the United States.

With respect to the second option, it does not matter if the defendant was brought into the United States by law enforcement personnel; it is sufficient to satisfy this element

so long as you find that she was brought into the United States after the conduct required for the offense occurred.

With respect to the fourth option, the government need prove only that there was a minimal effect on interstate or foreign commerce. Any effect, even an indirect or slight one, is sufficient, and that effect may be harmful or beneficial to interstate or foreign commerce.

## III. CLOSING ARGUMENTS

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that their arguments are not evidence, however, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

* * *

## I. CLOSING INSTRUCTIONS / DELIBERATIONS

I have already outlined for you the law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved beyond a reasonable doubt. In a few minutes you will retire to the jury room for your deliberations.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else. I will now give you some general rules regarding your deliberations.

**A. SELECTION AND DUTIES OF THE FOREPERSON**

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson. You are free to select juror number one or any member as your foreperson. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. The foreperson will send out any notes, and when you all have reached a verdict, the foreperson will notify the Marshal, and you will come into open court to present the verdict.

**B. RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATION WITH THE COURT**

Any of the exhibits admitted into evidence will be available to you upon request. If you would like to review an exhibit, you may request it. Similarly, if you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for exhibits or testimony, and any communications with the Court, should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the Marshals. Please make any notes as clear and precise as possible. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

**C. NOTES**

Some of you have taken notes periodically throughout this trial. I want to emphasize to you that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have are not given any

greater weight or influence than the recollections or impressions of other jurors with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**D. DUTY TO DELIBERATE / UNANIMOUS VERDICT**

You will now retire to decide the case. You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instructed you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth. Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict. What the verdict shall be is your sole and exclusive duty and responsibility. If you are divided, do not report how the

vote stands, and if you have reached a verdict, do not report what it is until it is presented in open court.

**E. VERDICT FORM AND RETURN OF VERDICT**

In a few moments, I will give you the verdict form with the question for you to answer and you will retire to deliberate on your decision. Remember, your answer must be unanimous. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it and then give a note to the Marshal stating that you have reached a verdict. Do not specify what the verdict is in your note. Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

I stress again that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## II. CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here. Thank you for your time and attentiveness.