**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:AS/AA
F. #2024R00396

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 9, 2026

By ECF

The Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Halima Salman
Criminal Docket No. 24-206 (NCM)

Dear Judge Merle:

The government respectfully submits this letter in opposition to the defendant's motion to hold the Presentence Investigative Report ("PSR") in the above-captioned case in abeyance pending the adjudication of the defendant's Rule 29 motion. *See* ECF No. 273 ("Def. Mot."). For the following reasons, the Court should deny the defendant's motion and instead set a sentencing control date in late March 2027, which would give time for the resolution of the defendant's Rule 29 motion (which will become fully briefed on January 28, 2027) and for the submission of sentencing memoranda based on what would be, by then, a completed PSR.

Furthermore, the government moves the Court to set a date no later than 30 days from today for the defendant to surrender to the Bureau of Prisons as her crime of conviction triggers mandatory remand.

I. The Court Should Set a Sentencing Control Date

*First*, under Federal Rule of Criminal Procedure 32, "[t]he court must impose sentence *without unnecessary delay*." Fed. R. Crim. P. 32(b)(1) (emphasis added). While a "court may, for good cause, change any time limits prescribed" in Rule 32, the adjudication of a Rule 29 motion is not good cause to otherwise prevent the U.S. Probation Office from conducting its interview of the defendant and preparing a PSR. It is the normal practice in this district to allow the PSR to move forward while post-trial motions are litigated. *See, e.g.*, *United States v. Daedone*, No. 23-CR-146 (DG) (E.D.N.Y.) (following June 9, 2025 convictions in a one-month long trial, Rule 29 motions filed July 8, 2025 and denied August 11, 2025, and PSR disclosed to government and defense shortly after on August 21, 2025); *United States v. Merchant*, No. 24-CR-362 (EK) (E.D.N.Y.) (setting sentencing for November 17, 2026 (while post-trial motions remained pending), denying post-trial motions on November 3 (two weeks before sentencing), and

defendant's PSR objections and sentencing memoranda submitted *before* the court's order denying post-trial motions); *United States v. Watson*, No. 23-CR-82 (EK) (E.D.N.Y.) (denying post-trial motions on the record at a hearing on December 13, 2024 with written order to follow and holding sentencing on December 16, 2024); *United States v. Ennab*, No. 22-CR-464 (AMD) (E.D.N.Y.) (following convictions of defendants Mohamed Hassan and Yousef Ennab at trial, denying defendant Hassan's motion to adjourn sentencing *sine die* until after resolution of post-trial motions, instead granting Hassan two-week adjournment of sentencing, and denying post-trial motions one day before Ennab's sentencing and two days before Hassan's sentencing); *United States v. Bendelstein*, No. 18-CR-309 (HG) (E.D.N.Y.) (following July 8, 2022 guilty verdict, Rule 29 motion filed August 26, 2022, PSR disclosed on December 20, 2022, Rule 29 denied on March 10, 2023, and sentencing held on March 15, 2023).

*Second*, and more fundamentally, "[a] court may not indefinitely delay a sentence," *United States v. Flowers*, 983 F. Supp. 159, 171 (E.D.N.Y. 1997), such that indeterminate abeyances of sentencing, like the one defense seeks, are disfavored. *Cf. United States v. Jenkins*, 130 F. Supp. 3d 700, 707 (N.D.N.Y. 2015), *aff'd*, 727 F. App'x 732 (2d Cir. 2018) (rejecting a defendant's request to delay "sentencing indefinitely until his appeals pertaining to the garnishment proceeding and child pornography convictions are resolved" and that "courts regularly deny the request when the basis for the request is speculative"); *DiMattina v. United States*, 949 F. Supp. 2d 387, 398 (E.D.N.Y. 2013) (permitting amendment of defendant's Rule 33 motion "would have delayed sentencing inappropriately were post-trial hearings then conducted," citing Fed. R. Crim. P. 32(b)(1)).

Accordingly, the Court should deny the defendant's motion, order that the PSR should be conducted in the normal course, and set a sentencing control date in late March 2027.

## II. The Court Should Order the Defendant to Surrender by December 9, 2026

Because the defendant is now convicted of a crime that triggers presumptively mandatory remand, the government moves the Court to set a surrender date no later than December 9, 2026, or 30 days from the date of this motion.

The Bail Reform Act sets forth the rules governing remand pending sentencing. Under 18 U.S.C. § 3143(a)(2), remand pending sentencing is mandatory after convictions for certain offenses. *See* 18 U.S.C. § 3143(a)(2) ("The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained . . . ." (emphasis added)); *see also United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) (§ 3143(a) "creates no general expectation of post-verdict liberty" while further "establish[ing] a presumption in favor of detention").

The offenses triggering such mandatory remand are enumerated at 18 U.S.C. § 3142(f)(1)(A)-(C), and relevant here is (f)(1)(A), which cites "offense[s] listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." *See id.* § 3142(f)(1)(A). The defendant's charge of conviction—18 U.S.C. § 2339D—is listed in 18 U.S.C. § 2332b(g)(5)(B) and carries a maximum, mandatory term of 10 years' imprisonment, thus triggering the presumption of detention.

Although there is a two-part exception to mandatory remand in § 3143(a)(2), the defendant cannot meet these requirements. First, a defendant must demonstrate that (i) either "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or (ii) "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A). Second, the defendant must demonstrate "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* § 3143(a)(2)(B). Both requirements must be met, and neither can be met here.

As to the first requirement, there is not "a substantial likelihood that a motion for acquittal or new trial will be granted." *Id.* § 3143(a)(2)(A)(i). To have convicted, the jury necessarily credited the training document, which alone is sufficient to convict, and necessarily discredited the defendant's perjurious denials. Whatever the defendant's Rule 29 arguments may be, the law requires the Court to draw every inference in favor of the government and to defer to the jury on issues of witness credibility. *See United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (court "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence"). Nor does the government intend to "recommend[] that no sentence of imprisonment be imposed on" the defendant. 18 U.S.C. § 3143(a)(2)(A)(ii).

As to the second requirement, the defendant cannot prove by clear and convincing evidence that she is not a flight risk. There are strong factors that incentivize her to flee before sentencing. First, she faces a ten-year mandatory prison sentence, which is more than the ranges that multiple courts have found to incentivize flight. *See United States v. Zhang*, 55 F.4th 141, 151 (2d Cir. 2022) ("The prospect of a severe sentence can create a strong incentive for a defendant to flee and thereby avoid that sentence."); *United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) ("The court reasonably determined that Scali's Guidelines range of 87-108 months' imprisonment was significant enough to provide an incentive to flee."); *United States v. Williams*, No. 20-CR-293, 2020 WL 4719982, at *2 (E.D.N.Y. Aug. 13, 2020) (Guidelines range of "92 to 115 months' imprisonment" gave defendant "a strong incentive to flee").

Second, the defendant's perjury during trial, including her many false denials, reflects a willingness to obstruct justice and an increased risk of flight. Remand is appropriate where a defendant has demonstrated dishonesty, as the defendant here has. *See Scali*, 738 F. App'x at 33 ("[T]he court reasonably found that Scali's perjury conviction makes it difficult to trust his promise that he will not flee."); *United States v. LaFontaine*, 210 F.3d 125, 135 n.6 (2d Cir. 2000) (remand appropriate where defendant's "violation of the trial process, as demonstrated by her perjury, would tend to suggest that she would" not follow court orders); *United States v. Rahmankulov*, No. 21-CR-653 (RA), 2023 WL 3479696, at *2 (S.D.N.Y. May 16, 2023) (denying bail following money laundering conviction and noting that defendant's demonstrated dishonesty heightened risk of flight); *United States v. Nouri*, No. 07-CR-1029 (DC), 2009 WL 2924334, at *2 (S.D.N.Y. Sept. 8, 2009) (denying reconsideration of decision to remand following fraud conviction; in light of fraudulent and obstructive conduct proven at trial and prior dishonesty with the court).

While there is a separate, narrow exception to mandatory remand for "exceptional reasons" under 18 U.S.C. § 3145(c), the defendant cannot meet this exception because it requires

her both (a) to prove that she is not likely to flee, which, as discussed above, she cannot do, and (b) to offer exceptional reasons as to "why [the defendant's] detention would not be appropriate." *Id.* § 3145(c). The Second Circuit has held that this exception is narrow, noting that "[e]xceptional reasons exist under the second prong where there is a unique combination of circumstances giving rise to situations that are *out of the ordinary*." *United States v. Colon*, 821 F. App'x 39, 41 (2d Cir. 2020) (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)) (internal quotation marks omitted) (emphasis added).

The statute's "exceptional reasons" requirement is a demanding test, and here, the defendant has no "exceptional reasons" justifying release. Neither family obligations, nor employment, nor a lack of a prior criminal record, nor compliance with existing bond conditions are "exceptional reasons." *See, e.g.*, *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("going to school, being employed, or being a first-time offender, either separately or in combination" are not exceptional reasons); *United States v. Colon*, 821 F. App'x 39, 42 (2d Cir. 2020) (facts that defendant "supports his family, is employed, and was in compliance with his conditions of supervision" not exceptional reasons); *United States v. Sabhnani*, 529 F. Supp. 2d 377, 382 (E.D.N.Y. 2007) ("The Court further finds that the circumstances advanced by [the defendant] are purely personal and do not rise to the level of exceptional circumstances that would warrant release. Regrettably, mothers go to prison and fathers have to step up. Incarceration is always associated with severe familial inconvenience."); *United States v. Romanello*, No. 23-8049, 2024 WL 676860, at *1-2 (2d Cir. Feb. 20, 2024); *see also id.* at *1 ("[D]istrict courts have found that 'purely personal circumstances' do not constitute exceptional reasons." (quoting *United States v. Luciano*, No. 97-1015, 1997 WL 120567, at *2 n.1 (2d Cir. Feb. 24, 1997))); *Luciano*, 1997 WL 120567, at *2 n.1 (citing cases where family obligations, medical conditions, risk of retaliation in jail by co-defendants, pregnancy of teenage child, and desire to spend time with two-year-old child before incarceration were all insufficiently exceptional).

In short, the Bail Reform Act's post-conviction "statutory framework . . . places a plainly substantial burden of proof on the defendant seeking release," and the defendant cannot meet her burden. *Lloyd v. United States*, 857 F. App'x 702, 703 (2d Cir. 2021) (internal quotation marks omitted). Accordingly, the Court should set a surrender date no later than December 9, 2026.[1]

---

[1] Although remand is "applicable the moment the jury verdict [is] returned by the jury to the judge in open court," *United States v. Bloomer*, 967 F.2d 761, 764 (2d Cir. 1992), the government, in an exercise of discretion, did not seek the defendant's immediate remand. The government seeks this more modest request, a self-surrender date no later than December 9, 2026, to permit the defendant time to finalize her affairs.

Thank you for your consideration.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Amanda Shami
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (by ECF)
Counsel of Record (by ECF)